UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MICHAEL A. LEWIS,

        Petitioner,

v.                                     Case No. 2:04-cv-146
                                     HON. R. ALLAN EDGAR

JERI-ANN SHERRY,

        Respondent.

_____/

## REPORT AND RECOMMENDATION

Petitioner Michael A. Lewis filed this petition for writ of habeas corpus challenging the validity of his state court convictions. On October 24, 1997, Petitioner was convicted of possession with intent to deliver less than 50 grams of cocaine following a jury trial in the Muskegon County Circuit Court. Petitioner was sentenced on November 5th, 1997 to a term of seven and one-half to forty years imprisonment.

Following his jury trial, Petitioner filed an appeal of right. The Michigan Court of Appeals remanded the case back to the circuit court for an evidentiary hearing on the issue of ineffective assistance of trial counsel. The circuit court held the evidentiary hearing and came to the conclusion that trial counsel was not ineffective. On June 30, 2000, the Michigan Court of Appeals affirmed the circuit court's opinion and also affirmed Petitioner's conviction and sentence.

Petitioner then filed an application for leave to appeal in the Michigan Supreme Court. On January 30, 2001, the Michigan Supreme Court issued an order denying Petitioner's application for leave to appeal. Later, Petitioner filed a motion for relief from judgment in the

Muskegon County Circuit Court.  On April 1, 2002, the circuit court denied the motion for relief from judgment.  Petitioner then filed an application for leave to appeal in the Michigan Supreme Court.  On October 31, 2003, the Michigan Supreme Court issued an order denying Petitioner's application for leave to appeal.  Petitioner has now filed this habeas petition, pursuant to 28 U.S.C. § 2254.

Petitioner maintains that his conviction was obtained in violation of his federal rights. The respondent has filed an answer and has complied with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts.  The parties have briefed the issues and the matter is now ready for decision.  In accordance with 28 U.S.C. § 636(b), authorizing United States Magistrate Judges to submit proposed findings of fact and recommendations for disposition of prisoner petitions, I am recommending that this petition for writ of habeas corpus be denied.

Petitioner has raised the following issues in his petition:

I.  Petitioner was denied his constitutional right to a fair trial guaranteed him under the U.S. Constitution 5th Amendment where the prosecutor infringed on his right to remain silent.

II.  Petitioner was denied his constitutional right to a fair trial when the prosecutor made comment of the witness credibility who lied during trial about the defendant.

III.  Petitioner was denied his constitutional right when the trial court failed to instruct the jury on lesser misdemeanor instruction.

IV.  Petitioner was denied his constitutional right to due process of law, and a fair trial where Petitioner's conviction was against the great weight of the evidence/sufficiency of the evidence.

V.  Petitioner was denied his constitutional right to a fair trial, and due process of the law under the state and federal constitution where the prosecutor failed to establish the corpus delicti independent of his extra-judicial confession.

-2-

VI.  Petitioner was denied his constitutional rights to a fair trial and due process of law, where the trial court failed to properly instruct the jury on the elements of possession with intent to deliver where the instructions failed to inform the jury that a literal recovery of cocaine of residual amount had to be recovered from the defendant's person in order to convict.

VII.  Petitioner was denied his constitutional rights to a fair trial and due process of law, where the trial court permitted other crimes and bad acts to be admitted as evidence against Petitioner during trial thereby committing reversible error.

VIII.  Petitioner was denied his constitutional rights to due process of law, where the trial court allowed evidence of drug courier profile to be admitted against defendant without instructing the jury that such evidence could not be used as substantive evidence to convict.

IX.  Petitioner was denied his constitutional right to the effective assistance of counsel during his trial and on appeal of right violating the United States Constitution Sixth Amendment.

X.  Petitioner was denied his constitutional rights to a fair trial and due process of law, where he was arrested during a traffic stop which amounted to an illegal search and seizure through a false and misleading affidavit for search warrant.

In April of 1996, the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) became effective.  Because this petition was filed after the effective date of the AEDPA, this Court must follow the standard of review established in that statute.  Pursuant to the AEDPA, an application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication:  "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding."  28 U.S.C. § 2254(d).

The AEDPA limits the source of law to cases decided by the United States Supreme Court. 28 U.S.C. § 2254(d). This provision marks a "significant change" and prevents the district court from looking to lower federal court decisions in determining whether the state decision is contrary to, or an unreasonable application of, clearly established federal law. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). To justify a grant of habeas corpus relief under this provision of the AEDPA, a federal court must find a violation of law "clearly established" by holdings of the Supreme Court, as opposed to its dicta, as of the time of the relevant state court decision. *Williams v. Taylor*, 529 U.S. 362 (2000). Recently, the Supreme Court held that a decision of the state court is "contrary to" such clearly established federal law "if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." *Id.* at 413. A state court decision will be deemed an "unreasonable application" of clearly established federal law "if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* A federal habeas court may not find a state adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411. Rather, the application must also be "unreasonable." *Id.* Further, the habeas court should not transform the inquiry into a subjective one by inquiring whether all reasonable jurists would agree that the application by the state court was unreasonable. *Id.* (disavowing *Drinkard v. Johnson*, 97 F.3d 751, 769 (5th Cir. 1996)). Rather, the issue is whether the state court's application of clearly established federal law is "objectively unreasonable." *Id.*

-4-

The AEDPA requires heightened respect for state factual findings. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). The habeas corpus statute has long provided that the factual findings of the state courts, made after a hearing, are entitled to a presumption of correctness. This presumption has always been accorded to findings of state appellate courts, as well as the trial court. *See Sumner v. Mata*, 449 U.S. 539, 546 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989), *cert. denied*, 495 U.S. 961 (1990). Under the AEDPA, a determination of a factual issue made by a state court is presumed to be correct. Petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998), *cert. denied*, 577 U.S. 1040 (1999).

Respondent argues that Petitioner's application is barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the AEDPA, Pub. L. No. 104-132, 110 Stat. 1214. The one-year statute of limitations provided in § 2244(d)(1) is new, as there previously was no defined period of limitation for habeas actions.[1] Section 2244(d)(1) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest ofŠ
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

---

[1]Previously, the only time limit was provided in Rule 9 of the Rules Governing § 2254 Cases, which allows dismissal of a petition only under circumstances where the state has been prejudiced by the delay in filing.

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 121 S. Ct. 2120 (2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed"). Under 28 U.S.C. § 2244(d)(1)(A), Petitioner had one year for the completion of direct review of his conviction to file the instant action. Here, direct review ended 90 days after the Michigan Supreme Court denied leave to appeal following Petitioner's appeal of right, or on April 30, 2001. The statute of limitations ran from May 1, 2001, until February 14, 2002, a period of 290 days.

The limitations period started tolling on February 15, 2002, the day Petitioner filed a motion for relief from judgment in the trial court. § 2244(d)(2). The period stopped tolling 90 days after completion of state collateral review, or on January 29, 2004. *Abela v. Martin*, 348 F.3d 164 (6th Cir. 2003). It started running again on January 30, 2004, and continued to run until June 15, 2004, the day before the earliest date Petitioner might have delivered the petition to prison authorities for mailing. During this second period, the statute of limitations ran for an additional 107 days. The petition was filed after 397 days had passed. Therefore, the petition was untimely filed and must be dismissed under § 2244(d).

-6-

Alternatively, Respondent argues that Petitioner's first, second, sixth, eighth, and tenth claims are procedurally defaulted. When a state-law default prevents further state consideration of a federal issue, the federal courts are ordinarily precluded from considering that issue on habeas corpus review. *See Ylst v. Nunemaker*, 501 U.S. 797, 801 (1991); *Engle v. Isaac*, 456 U.S. 107 (1982). The Sixth Circuit applies a four-part test to determine whether a claim is procedurally defaulted: (1) the court must first determine that there is a state procedural rule that is applicable to Petitioner's claim and that the Petitioner failed to comply with the rule; (2) the court must decide whether the state courts actually enforced the state procedural rule; (3) the default must be an "independent and adequate" state ground on which the state can rely to foreclose review of a federal constitutional claim; and (4) if the foregoing are met, Petitioner must demonstrate cause for his failure to follow the rule and that he was actually prejudiced by the alleged constitutional error. *Buell v. Mitchell*, 274 F.3d 337, 348 (6th Cir. 2001) (citing *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); accord *Greer v. Mitchell*, 264 F.3d 663, 672 (6th Cir. 2001). There may be an "exceptional case in which exorbitant application of a generally sound rule renders the state ground inadequate to stop for consideration of a federal question." *Lee v. Kemna*, 122 S. Ct. 877, 878 (2002). A Petitioner may also excuse a default by making a colorable claim of innocence; that is, he has shown that any constitutional error "probably" resulted in the conviction of one who was actually innocent. *Schlup v. Delo*, 513 U.S. 298, 322 (1995) (citing *Murray v. Carrier*, 477 U.S. 478, 495 (1986)). This exception is reserved for a vary narrow class of cases, based on a claim of "new reliable evidence." *Schlup*, 513 U.S. at 315, 324.

The undersigned recommends that the court deny Petitioner's first, second, sixth, eighth and tenth claims on procedural grounds of default. In his first claim, Petitioner argues that

the prosecutor infringed on his right to remain silent when the prosecutor argued that certain evidence, including evidence of statements made by Petitioner, was uncontroverted. The Michigan Court of Appeals explained that because Petitioner failed to object to the prosecutor's comments, the issue was not preserved, and Petitioner must demonstrate outcome-determinative plain error in order to avoid forfeiture of this issue. *People v. Carines*, 460 Mich. 750, 763-764 (1999). To avoid forfeiture under the plain error doctrine, three requirements must be met: 1) an error must have occurred; 2) the error must have been plain, i.e. clear or obvious; and 3) the plain error must have likely affected the outcome of the case. *Carines*, 460 Mich. at 763. The Court noted that a criminal defendant has the constitutional right to elect not to testify, and the prosecutor may not comment on the defendant's failure to testify. U.S. Const, Am. V; Const 1963, art 1, § 17; *Griffin v. California*, 380 U.S. 609, 615; 85 S. Ct.1229 (1965); *People v. Fields*, 450 Mich. 94, 108-109 (1995). Therefore, "a prosecutor may not imply in closing argument that defendant must prove something or present a reasonable explanation for damaging evidence because such an argument tends to shift the burden of proof." *People v. Green*, 131 Mich. App. 232, 237 (1983). However, the prosecutor "may observe that the evidence against the defendant is 'uncontroverted' or 'undisputed,' even if defendant is the only one who could have contradicted the evidence. . . ." *Fields*, 450 Mich. at 115. Additionally, "a prosecutor's remark that evidence is undisputed is proper in urging the weight to be given the testimony." *Id*. The Michigan Court of Appeals explained that:

> Here, the prosecutor's comments did not impermissibly shift the burden of proof; rather, they were merely comments on the weight of the evidence presented. Defendant has not demonstrated error, let alone plain error sufficient to avoid forfeiture of this unpreserved issue.

*Michigan v. Lewis*, Michigan Court Of Appeals No. 207692, at 2 (2000).

-8-

Following a review of the record, the undersigned agrees with the Michigan Court of Appeals that Petitioner did not demonstrate plain error and cannot avoid forfeiture of this issue. Petitioner has failed to demonstrate that there was a cause for his failure to follow the rule and that he was actually prejudiced by the alleged constitutional error.

In his second claim, Petitioner argues that the prosecutor improperly distorted the burden of proof when he commented on the witness credibility.  The Michigan Court of Appeals concluded that to avoid forfeiture of this unpreserved issue, Petitioner must demonstrate plain error. *Carines*, 460 Mich. at 763-764.  It is improper for a prosecutor to argue that, in order to acquit, the jury must conclude that prosecutorial witnesses lied.  *See People v. Bass (on rehearing)*, 223 Mich. App. 241, 249 (1997).  However, the Michigan Court of Appeals explained that:

> . . .contrary to defendant's argument, the plain import of the prosecutor's comment in this case was not to instruct the jurors that, in order to acquit, they had to determine that the police officers were lying.  Rather, the statement simply indicated that *if* the jury did determine that the officers were lying, it should acquit because the prosecutor would not have proved defendant's guilt beyond a reasonable doubt.  As in *Bass*, the comment "did not expressly state that a verdict for the defendant would require a finding that all of the government's witnesses were lying."  *Id.* at 250.  Also, "[t]he prosecutor did not inform the jurors of what they must find to convict or acquit.  Nor did the prosecutor exclude other ways to reach a verdict."  *Id.* at 251.  In short, the prosecutor did not distort the burden of proof.  We find no error, let alone outcome-determinative plain error.

*Michigan v. Lewis*, Michigan Court Of Appeals No. 207692, at 2-3 (2000).  Therefore, as noted by the Michigan Court of Appeals, the prosecutor did not improperly comment on witness credibility. Petitioner has procedurally defaulted on these claims.

In his sixth claim, Petitioner argues that the trial court's instructions on the elements of possession with intent to deliver were erroneous because the court failed to instruct the jury that, in order to convict the defendant, the prosecutor must prove that cocaine or a residual amount of cocaine had to be literally recovered from defendant and that defendant actually delivered or attempted to deliver the cocain to someone else. The Michigan Court of Appeals concluded that the Petitioner did not object to the instructions.  The Court reviewed this unpreserved issue for plain error.  *Carines*, 460 Mich. at 763-764.  In analyzing this issue, the Michigan Court of Appeals stated:

> Defendant's contentions are without merit.  Proof of actual physical possession of cocaine is unnecessary to convict a defendant of possession with intent to deliver.  *People v. Konrad*, 449 Mich. 263, 271.  Proof of constructive possession will suffice.  *Id.*  Additionally, by the plain language of the statue, the crime of possession with intent to deliver does not require proof of actual or attempted delivery.

*Michigan v. Lewis*, Michigan Court Of Appeals No. 207692, at 5 (2000).

Following a review of the record, the undersigned agrees with the Michigan Court of Appeals that Petitioner's contentions are without merit and Petitioner was not deprived of any constitutional right.  Moreover, Petitioner has not shown cause or prejudice for this default, thus, his claim is procedurally defaulted.

In his eighth claim, Petitioner argues that he was denied his constitutional right to due process of law, where the trial court allowed evidence of a drug courier profile to be admitted against him without instructing the jury that such evidence could not be used as substantive evidence to convict.  Again, the Michigan Court of Appeals found this issue unpreserved.  Therefore, Petitioner was required to demonstrate plain error to avoid forfeiture under Michigan law.  *Carines*, 460 Mich. at 763-764.  The Michigan Court of Appeals explained that drug profile evidence may never be used

as substantive evidence of guilt.  *People v. Hubbard*, 209 Mich. App. 234, 235 (1995).  However,

a prosecutor may use expert testimony regarding the drug trade to aid the jury in understanding

evidence in controlled substance cases.  *People v. Murray*, 234 Mich. App. 46, 53-54 (1999).  In

determining whether Petitioner was denied his constitutional rights, the Michigan Court of Appeals

stated:

> In this case, the evidence about which defendant complains was used
> to educate the jury and explain the significance of evidence found by
> police.  The expert never compared defendant to the drug profile
> characteristics and, while he also testified about the facts surrounding
> defendant's arrest and the evidence that was recovered, he did not
> suggest that defendant met the profile and should be convicted based
> on the profile.  Moreover, even if a few, isolated comments were
> made that amounted to an inappropriate comparison of defendant to
> the profile characteristics, defendant has failed to demonstrate
> outcome-determinative plain error.   There was overwhelming
> evidence against defendant independent of any profile evidence; thus,
> profile evidence alone was not used to prove defendant's guilt.

*Michigan v. Lewis*, Michigan Court Of Appeals No. 207692, at 6 (2000).  Therefore, this claim is

procedurally defaulted.  Petitioner has failed to demonstrate that there was a cause for his failure to

follow the rule and that he was actually prejudiced by the alleged constitutional error.

        In his tenth claim, Petitioner argues that he was denied his constitutional rights to a

fair trial and due process of law when he was arrested during a traffic stop, which amounted to an

illegal search and seizure through a false and misleading affidavit for search warrant.  This claim was

raised in Petitioner's state collateral proceeding.  The circuit court and the state appellate courts all

denied Petitioner relief under MCR 6.508(D).  Under MCR 6.508(D)(2) and (3), a defendant may

not collaterally attack a conviction based upon claims that were decided against him in a prior appeal

or that could have been raised on direct appeal.  For claims that could have been raised, the

-11-

defendant is entitled to relief only if he can establish "good cause" for failing to raise the grounds on appeal and "actual prejudice," as shown by a "reasonably likely chance of acquittal" or an "irregularity so offensive to the maintenance of a sound judicial process that the conviction should not be allowed to stand." MCR 6.508(D)(3)(a)-(b). In assessing how "firmly" a state procedural rule has been established, the critical inquiry is whether, viewed from the time of the petitioner's later significant actions or inaction, the petitioner could be deemed to have been apprised of the procedural rule's existence. *Luberda v. Trippett*, 211 F.3d 1104, 1006-1007 (6th Cir. 2000). Because MCR 6.508(D) was enacted in 1989 and petitioner's conviction and appeals took place some time thereafter, MCR 6.508(D) was a "firmly established" procedural rule for purposes of petitioner's action. *See Luberda*, 211 F.3d at 1007; *Rogers v. Howes*, 144 F.3d 990, 994 (6th Cir. 1998).

Therefore, this claim is procedurally defaulted. Petitioner has failed to demonstrate that there was cause for his failure to follow the rule and that he was actually prejudiced by the alleged constitutional error.

Respondent argues that Petitioner's third, fifth and seventh claims do not raise issues that are cognizable on federal habeas review. Only claims arising under the Constitution may form the basis for granting habeas relief in a federal habeas action. 28 U.S.C. § 2254(a). Moreover, only claims that may be supported by the body of constitutional law as defined by clearly established Supreme Court law may form the basis for granting habeas relief for claims that were decided against the Petitioner in the state courts on the merits. 28 U.S.C. § 2254(d).

The undersigned agrees with Respondent that Petitioner's third, fifth and seventh claims are not federal constitutional claims. A federal court may not issue a writ of habeas corpus

-12-

on the basis of a perceived error of state law. *Pulley v. Harris*, 465 U.S. 37, 41 (1984); *Engle v. Isaac*, 456 U.S. 107, 119 (1982); *Smith v. Sowders*, 848 F.2d 735, 738 (6th Cir. 1988), *cert. denied* 488 U.S. 866 (1988). Petitioner's third claim asserts that he should have received a jury instruction regarding a lesser-included offense, but the claim has no constitutional dimension in non-capital cases. *Scott v. Elo*, 302 F.3d 598, 606 (6th Cir. 2002). Petitioner's fifth claim asserts that the state violated the corpus delicti rule. As explained in *People v. Williams*, 422 Mich. 381, 388-390 (1985), the rule arises as a matter of substantive state law. Last, Petitioner's seventh claim asserts that prior bad acts evidence was erroneously admitted at trial. The undersigned again agrees with Respondent that this claim cannot be supported by Supreme Court precedent, and therefore cannot form the basis for granting habeas relief. *Bugh v. Micthell*, 329 F.3d 496 (6th Cir. 2003).

Furthermore, Respondent argues that the state court adjudication of Petitioner's fourth and ninth claims did not involve an objectively unreasonable application of clearly established Supreme Court law. Petitioner's fourth claim asserts that there was insufficient evidence offered at trial to sustain his convictions. Petitioner's ninth claim asserts that his counsel was ineffective for failing to challenge the seizure of his blood sample before warrant authorizing the sample arrived at the hospital. Respondent noted that both of these claims were decided against Petitioner on the merits during his appeal of right. In fact, the trial court held a remand hearing on Petitioner's ninth claim. Petitioner is barred from habeas relief with respect to these claims unless he can demonstrate that the appellate court's decision resulted in an objectively unreasonable application of clearly established Supreme Court law. 28 U.S.C. § 2254(d); *Scott v. Elo*, 302 F.3d 598, 602 (6th Cir. 2002).

-13-

The undersigned agrees with Respondent that the state appellate court and the trial court applied the appropriate constitutional test, and that it applied it to the facts of Petitioner's case in an ordinary fashion to reach a reasoned decision. Accordingly, Petitioner has not demonstrated entitlement to habeas relief with respect to this claim because the appellate court's decision was at least objectively reasonable.

Also, as noted by Respondent, even if error occurred, any such error cannot provide a basis for granting relief because it did not have a substantial influence or effect upon the determination of Petitioner's guilt at trial. *Brecht v. Abrahamson*, 507 U.S. 619 (1993). The evidence offered against Petitioner at trial was overwhelming, and nothing about the alleged error would have reduced its considerable weight. That is, even had the alleged error not occurred, there was no real chance that the result of the trial could have been any more favorable to Petitioner. *Hill v. Brigano*, 199 F.3d 833, 847 (6th Cir. 1999).

In summary, the undersigned concludes that Petitioner's claims are without merit and therefore recommends that this Court dismiss the petition with prejudice.

In addition, if Petitioner should choose to appeal this action, I recommend that a certificate of appealability be denied as to each issue raised by Petitioner in this application for habeas corpus relief. Under 28 U.S.C. § 2253(c)(2), the court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is

-14-

warranted.  *Id.*  Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000); *Murphy*, 263 F.3d at 467. Consequently, the undersigned has examined each of Petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he Petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." For the reason enumerated above, the undersigned concludes that reasonable jurists could not find that a dismissal of each of Petitioner's claims was debatable or wrong. Therefore, the undersigned recommends that the court deny Petitioner a certificate of appealability

NOTICE TO PARTIES:  Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within ten days of your receipt of this Report and Recommendation.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR. 72.3(b).  Failure to file timely objections constitutes a waiver of any further right to appeal those issues or claims addressed or resolved as a result of the Report and Recommendation. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985).

 /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated:   June 15, 2006

-15-